UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LESSIE R. LINDSEY,

        Plaintiff,

  v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 19-cv-1459-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

---

The plaintiff, who is proceeding without a lawyer, has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is not employed, she is married and her spouse is not employed, and she has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists income of $483 per month from her husband's social security and $198 per month from his SSI. Id. at 2. She lists expenses of $425 per month

1

for rent and $175 per month for other household expenses. Id. The plaintiff does not own a home, a car, or any other property of value. Id. at 3-4. She has no cash on hand or in a checking/savings account. Id. at 3. The plaintiff states, "Just trying to survive it is struggle need help." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff filed the form complaint for review of a final decision by the Commissioner of the Social Security Administration. Dkt. No. 1. The complaint indicates that the plaintiff received an unfavorable decision from the Commissioner, that the plaintiff was disabled during the time period included in this case, and that the Commissioner's unfavorable conclusions and findings of fact in denying benefits to the plaintiff are not supported by substantial evidence and/or are contrary to law and regulation. Id. at 3. In addition, the plaintiff states, "I believe I was miss provided with my medical condition

2

provided by disability on the court decision and the council's determination." Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 11th day of October, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**